## COMMONWEALTH *vs.* DARRYL TAVARES.

No. 10-P-2239.

Suffolk. November 2, 2011. - December 29, 2011.

Present: BERRY, BROWN, & GRAINGER, JJ.

*Constitutional Law,* Admissions and confessions. *Practice, Criminal,* Admissions and confessions, Instructions to jury, Harmless error. *Error, Harmless. Firearms.*

At a criminal trial, the judge erred in declining the defendant's request for a jury instruction concerning the use of evidence of a police interrogation of the defendant that was not recorded, where evidence suggesting that the defendant refused to have a recording made did not vitiate the need for the instruction; further, where this court could not fairly or reasonably conclude that the error did not prejudice the defendant, this court reversed the convictions of firearm-related offenses and set aside the verdicts. [73-74]

INDICTMENTS found and returned in the Superior Court Department on June 11, 2007.

The cases were tried before *Raymond J. Brassard,* J.

*David M. Skeels,* Committee for Public Counsel Services, for the defendant.

*Macy Lee,* Assistant District Attorney (*Melissa Brooks,* Assistant District Attorney, with her) for the Commonwealth.

GRAINGER, J. This appeal stems from the defendant's convictions of firearm-related offenses. The defendant argues that the trial judge erred in declining to give the *DiGiambattista*[1] instruction related to unrecorded police interrogations, in interrupting defense counsel's closing, and in admitting certain testimony. For the reasons detailed below, we reverse.

*Background.* We recite the facts as the jury could have found them during the trial. An investigation of a gun-related incident, conducted by the Attleboro police department in conjunction

---

[1]*Commonwealth* v. *DiGiambattista,* 442 Mass. 423 (2004).

with the Boston police department, led authorities to an apartment in the Hyde Park section of Boston. The police obtained a search warrant for the defendant's apartment, and executed a search during which they found a .22 caliber pistol and a nine millimeter pistol located next to each other under a sofa cushion. The defendant was charged with possession of a firearm, the nine millimeter pistol, without a firearm identification (FID) card, as well as possession of ammunition without an FID card. See G. L. c. 269, § 10(*h*); G. L. c. 140, § 129C. The defendant was not charged with possession of the .22 caliber pistol as it lacked a firing pin, and therefore did not meet the statutory definition of a "firearm." G. L. c. 140, § 121, as appearing in St. 1998, c. 180, § 8 (defining firearm as "a pistol, revolver or other weapon of any description, loaded or unloaded, from which a shot or bullet can be discharged . . .").

Following the defendant's arrest, and after obtaining a waiver of Miranda rights, the police interrogated the defendant. The interrogation was not recorded; two of the police officers testified at trial that the defendant declined to have a recording made. During the interrogation, the defendant stated that he lived at the apartment in question and admitted ownership of the .22 caliber pistol. He denied ownership of the nine millimeter pistol, stating that it belonged to one J.P. Robinson, who also lived in the apartment.

At trial, the defendant repeatedly requested an instruction, as mandated by the Supreme Judicial Court in *Commonwealth* v. *DiGiambattista*, 442 Mass. 423, 447-449 (2004), relating to the lack of a recording of the interrogation. The judge declined to give the instruction, basing his reasoning on the evidence that the defendant refused to have a recording made.[2]

During the trial, the jury submitted a question to the judge asking whether the police made any attempts to verify the defendant's statement that the nine millimeter pistol belonged to Robinson. The judge allowed the testifying officer to state that he spoke to Robinson. The judge did not allow the witness to elucidate what Robinson told him, as it would be hearsay.

---

[2]The judge did, however, give a humane practice instruction. But during the defendant's closing argument, when counsel referred to the police officers' failure to record the interview, the judge admonished, "Counsel, just stick to facts, if you would, please."

*Discussion.* The Supreme Judicial Court has held that "a defendant whose interrogation has not been reliably preserved by means of a complete electronic recording should be entitled, on request, to a cautionary instruction concerning the use of such evidence." *Commonwealth* v. *DiGiambattista, supra* at 447. The trial judge should instruct the jury that "the State's highest court has expressed a preference that such interrogations be recorded whenever practicable, and . . . because of the absence of any recording of the interrogation in the case before them, they should weigh evidence of the defendant's alleged statement with great caution and care." *Id.* at 447-448. Where an audio recording was not made, "the instruction is mandatory." *Commonwealth* v. *Barbosa*, 457 Mass. 773, 801 (2010), cert. denied, 131 S. Ct. 2441 (2011).[3]

In the instant case, it is undisputed that the defendant was subject to a custodial interrogation that was not recorded. While evidence suggested that the defendant refused to have a recording made, this does not vitiate the need for the *DiGiambattista* instruction. The Commonwealth points to no case law to support this contention; the fact that no evidence of any refusal to be recorded was present in *DiGiambattista* itself does not make the *DiGiambattista* rule inapplicable here.[4] As the court there stated, "[i]t is of course permissible for the prosecution to address any reasons or justifications that would explain why no recording was made, leaving it to the jury to assess what weight they should give to the lack of a recording. The mere presence of such reasons or justifications, however, does not obviate the need for the cautionary instruction." *DiGiambattista,*

---

[3]As has recently been made explicit, "recorded interviews are designed to enhance the evidentiary accuracy of what was said by all participants in the interview, thereby safeguarding in equal measure the interests of the defendant, the prosecution, and the society at large." *Commonwealth* v. *Robinson*, 78 Mass. App. Ct. 714, 716 n.2 (2011).

[4]In *Commonwealth* v. *Drummond*, 76 Mass. App. Ct. 625 (2010), decided after the present case was tried, this court reviewed a case involving a closely related problem. There, the trial judge instructed the jury that "they only needed to consider the *[DiGiambattista]* instruction if they found that the defendant 'was not advised of a right to have this statement recorded and that he did not decline the recording.' " Id. at 628. We determined that this was error, although neither preserved nor giving rise to a substantial risk of a miscarriage of justice on the facts of that case. *Id.* at 630.

*supra* at 448-449.[5] Consequently, it was error for the judge to decline the defendant's request for an instruction.

Based on the evidence in the case, we cannot fairly or reasonably conclude that the error did not prejudice the defendant. The Commonwealth's theory of possession depended on the defendant's admission, during interrogation, that he owned the .22 caliber pistol that was found under a sofa cushion and in immediate proximity to the nine millimeter pistol that formed the basis of the charge. Had the instruction been given, it would have provided the jury with a basis to discount or disregard the admission, in which case the Commonwealth's case would have been materially weaker.[6] On this record we cannot say "that the error did not influence the jury, or had but very slight effect." *Commonwealth* v. *McLaughlin*, 79 Mass. App. Ct. 670, 680 (2011), quoting from *Commonwealth* v. *Graham*, 431 Mass. 282, 288, cert. denied, 531 U.S. 1020 (2000).[7]

*Judgments reversed.*

*Verdicts set aside.*

---

[5]Because the required instruction will likely be given after the close of the evidence and, moreover, after closing arguments, we consider it axiomatic that the "reasons or justifications" contemplated by *DiGiambattista* can be provided as part of the Commonwealth's case-in-chief.

[6]The remaining evidence, in its entirety, was that two firearms, one of them inoperable, were found in the apartment; that there were multiple people in addition to the defendant in the apartment when the police conducted the raid; that another person was in the living room with the defendant when police burst in; and that the defendant was seen fleeing the room where the firearms were found when police breached the door.

[7]We do not address the defendant's argument regarding the judge's interruption during closing remarks when trial counsel was referring to the lack of a recording, or regarding the admission of certain testimony in response to a question posed by the jury, as we do not anticipate a recurrence if the case is retried.